UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-21217-JLK

YOSLAN MARTINEZ.

    Plaintiff,

v.

ELON MUSK, *Tesla, C.E.O.*,

    Defendant.

_____/

## ORDER OF DISMISSAL

THIS MATTER is before the Court upon Plaintiff's Motion for Leave to Proceed *in forma pauperis* (DE 3) (the "Motion"), filed April 18, 2022.

On April 18, 2022, Plaintiff filed his *pro se* Complaint (DE 1) and the instant Motion. Plaintiff, a *pro se* litigant, has not paid the required filing fee, so the screening provisions of 28 U.S.C. § 1915(e) apply. Pursuant to that statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915 (e)(2) (alterations added).

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Although courts liberally construe *pro se* pleadings, *pro se* litigants are nonetheless required to conform their pleadings to procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The Federal Rules of Civil Procedure require a complaint include a short and plain statement demonstrating the court's jurisdiction, that the claimant is entitled to relief, and a

demand for the relief sought. *See* Fed. R. Civ. P. 8(a)(1), (2). To state a plausible claim for relief, a plaintiff must "plead[] 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jones v. Gadsden County Schs.*, 755 Fed. App'x. 954, 955 (11th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The section of Plaintiff's form Complaint entitled "Statement of Claim" only alleges that Plaintiff was "hit by a Model X Tesla on I-95 in Miami, Florida" and "the automatic brakes on the Tesla didn't work. . . ." Compl. at 4. The Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to 28 U.S.C. § 1915. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citation omitted). Under those standards, allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011) (citation omitted). Even so, Plaintiff's allegations are not sufficient for the Court to draw the reasonable inference that Defendant, an individual, is liable for the misconduct alleged. Therefore, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e) and should be dismissed.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that:

1) Plaintiff's Complaint **(DE 1)** be, and the same is, hereby **DISMISSED without prejudice**.

2) Plaintiff's Motion for Leave to Proceed *in forma pauperis* **(DE 3)** is hereby **DENIED AS MOOT**; and

3) The Clerk **SHALL CLOSE** the case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 27th day of April, 2022.

                                                        JAMES LAWRENCE KING
                                                        UNITED STATES DISTRICT JUDGE

**cc:**    **All Counsel of Record**
         **Clerk of Court**
         **Yoslan Martinez,** *pro se*